# UNITED STATES DISTRICT COURT
### for the
# DISTRICT OF MINNESOTA

Gregory R. Massey and James P. Turrito,
as Trustees of the Minnesota Cement Masons
Pension Fund; Arland B. Anderson and
Gregory R. Massey, as Trustees of the
Minnesota  Cement Masons Health and
Welfare Fund; Gregory R. Massey and
James P. Turrito, as Trustees of the
Minnesota Cement Masons – Plasterers
- Shophands Journeyman and Apprentice
Training Fund; and Robert Ridge and
Timothy Worke, as Trustees of the
Minnesota Cement Masons – Plasterers –
Shophands Local 633 Savings Trust Fund,

               Plaintiffs,             Civil Action No. 10-CV-3132 JNE/AJB

vs.                                    **REPORT AND**
**RECOMMENDATION**
**FOR ENTRY OF DEFAULT**
**JUDGMENT**

Hi-Tech Floors, Inc., a Minnesota
corporation; and David L. Phillips, Jr.,

               Defendants.

Andrew E. Staab, Esq., Rosene, Haugrud & Staab, Chartered, appeared as counsel for Plaintiffs.

No one, appeared for Defendants.

### REPORT AND RECOMMENDATION

The above-entitled matter came on for hearing on the 20th day of December, 2010, pursuant to Plaintiffs' motion for entry of default judgment under Rule 55(b)(2) of the

Federal Rules of Civil Procedure. The Court, having reviewed the Complaint, the Affidavit of Andrew E. Staab, the Affidavit of Gregory R. Massey, the Affidavit of James Koch, and upon all files, records and proceedings herein, makes the following:

**FINDINGS OF FACT**

1. Defendant Hi-Tech Floors, Inc. ("Hi-Tech Floors") is signatory to an Independent Addendum dated May 24, 2007 (the "Independent Addendum"). The Independent Agreement binds Hi-Tech Floors to the Collective Bargaining Agreement between the Minneapolis and St. Paul Builders Division of Associated General Contractors of Minnesota, and the Cement Masons, Plasterers and Shophands Local No. 633 of Minnesota, North Dakota and Northwest Wisconsin.

2. Defendant David L. Phillips, Jr. is personally and individually bound to the Independent Addendum and the Collective Bargaining Agreement, as the individual owner, partner and shareholder signing for the employer, Hi-Tech Floors, pursuant to the provisions of the Independent Addendum.

3. The Collective Bargaining Agreement is for the period of May 1, 2007 through April 30, 2010. It renewed automatically for a further period of twelve (12) months, and remains in full force and effect through April 30, 2011.

4. Pursuant to the Independent Addendum and Collective Bargaining Agreement, Hi-Tech Floors agreed to contribute every month certain sums to the Trust Funds for each hour worked by all employees covered by the Collective Bargaining Agreement.

5. Hi-Tech Floors failed to make the fringe benefit contributions, and the Plaintiffs commenced this action on July 27, 2010 to collect unpaid fringe benefit contributions and

related damages, and to enforce reporting and audit requirements.

6.     On September 14, 2010, Zenith Administrators, Inc., the Third Party Administrator for the Plaintiffs, performed a fringe benefit audit on Hi-Tech Floors covering the time period of January 1, 2010 through August 31, 2010.  As disclosed in the audit, Defendants owe Plaintiffs the sum of $61,023.12, not including liquidated damages, in unpaid fringe benefit contributions for the time period of January 1, 2010 through August 31, 2010.

7.     Pursuant to 29 U.S.C. §1145 and 29 U.S.C. §1132 (g)(2) and the Collective Bargaining Agreement, Defendants are required to pay, in addition to the unpaid contributions, the following: liquidated damages of ten percent (10%) of the unpaid contributions; interest on the unpaid contributions at the rate provided under the Plan, or if none, the rate prescribed under 26 U.S.C. §6621; and, reasonable attorney fees and costs of the action.

8.     The liquidated damages due and owing are in the amount of $6,102.31.

9.     The Plan does not provide for an interest rate.  The rate prescribed under 26 U.S.C. §6621 for all four quarters in the year 2010 is four percent (4%) per annum.  The total interest owing through December 20, 2010 on the unpaid contributions is the sum of $1,118.76.

10.    The attorney fees incurred in this action through the entry of default judgment is the sum of $4,654.20, which is a fair and reasonable amount for services rendered to the Plaintiffs in this action.

11.    The costs incurred in this action are in the amount of $1,225.50.

12.     The total amount the Defendants owe the Plaintiffs is $74,123.89, itemized as follows: unpaid fringe benefit contributions: $61,023.12; liquidated damages: $6,102.31; interest on unpaid contributions (through 12/20/2010): $1,118.76; reasonable attorney fees: $4,654.20; and costs: $1,225.50.

13.     The Clerk of Court entered the default of the Defendants on September 9, 2010, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

14.     Plaintiffs are entitled to judgment by default against the Defendants, jointly and severally, for the sum of $74,123.89.

        Based on the foregoing, it is hereby recommended that:

1.     Plaintiffs' motion for entry of default judgment is granted.

2.     Plaintiffs are awarded judgment in their favor and against the Defendants, jointly and severally, in the amount of $74,123.89.

Dated: January 7, 2011                    __s/ Arthur J. Boylan_____
                                          Arthur J. Boylan
                                          Chief United States Magistrate Judge

        Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before January 24, 2011.

        Unless the parties stipulate that the District Court is not required by 28

U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.